IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ROCHELLE M. CLEAVER,

     Plaintiff,

v.                               CASE NO. 1:21-cv-157-MW-GRJ

IGOR DEPENA,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

    This cause comes before the Court on *pro se* non-prisoner Plaintiff's Amended Complaint, ECF No. 6, filed in response to this Court's Show Cause Order dated November 9, 2021, ECF No. 5.  In its October 4, 2021 Order, the Court gave Plaintiff detailed instructions on how to cure her pleadings sufficient to invoke this Court's limited jurisdiction.  *See* ECF No. 4.  Upon review of Plaintiff's Amended Complaint, she has failed once again to establish that this Court has subject-matter jurisdiction over her claims.

    Plaintiff paid the full filing fee, so her Complaint is not subject to the screening provisions of the *in forma pauperis* statute, 28 U.S.C. § 1915.  Nevertheless, it is well established that federal courts are obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be

lacking.[1]   Upon due consideration, it is apparent that Plaintiff cannot amend her complaint to state a federal claim on the facts alleged. Accordingly, the undersigned respectfully recommends that this case be dismissed without prejudice.

# I.  BACKGROUND

Plaintiff alleges that Defendant TD Bank and its branch manager violated her constitutional rights arising under the First, Fourth, Fifth and Fourteenth Amendments, by failing to turn over $20,000 in funds she deposited in a Canadian bank.  *See* ECF No. 6 at 9 & ECF No. 1 at 4.  As pointed out in its Order, ECF No. 4, such allegations fail to state a federal claim sufficient to invoke this Court's jurisdiction.  *See* ECF No. 4.

# II.  DISCUSSION

## A.    *No Private Right of Action for Bank Fraud.*

To the extent that Plaintiff seeks to bring a cause of action for bank fraud, Plaintiff fails to plead fraud with specificity as required by Rule 9(b) of the Federal Rules of Civil Procedure.  Rule 9(b) provides in pertinent part that, "In alleging fraud ..., a party must state with particularity the circumstances constituting fraud...." Fed. R. Civ. P. 9(b). The

---

[1] *See Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. Fla. 2004).

circumstances constituting fraud typically include "the time, place, and content of the false misrepresentations, the facts misrepresented, and the nature of the detrimental reliance[.]" *Burgess v. Religious Technology Center, Inc.*, 600 F. App'x 657, 663 (11th Cir. 2015) (per curiam) (holding that plaintiff's allegations that did not indicate the date, time or place of the misrepresentation did not meet heightened fraud pleading requirement). "Notably, the '[f]ailure to satisfy Rule 9(b) is a ground for dismissal of a complaint.'" *FindWhat Investor Group v. FindWhat.co*m, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting C*orsello v. Lincare, Inc*., 428 F.3d 1008, 1012 (11th Cir. 2005)).

Moreover, Plaintiff does not allege or explain how Defendant can be civilly liable for allegedly committing the criminal offense of bank fraud. Title 18, United States Code, Section 1344 provides that:

> Whoever knowingly executes, or attempts to execute, a scheme or artifice—
> (1) to defraud a financial institution; or
> (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises;
> [is guilty of the offense of bank fraud.]

18 U.S.C. § 1344 (1990).

Plaintiff alleges that Defendant TD Bank obtained Plaintiff's funds from another Canadian bank (Bank of Montreal) and then failed to provide

the funds to Plaintiff.  While this may have occurred Plaintiff, as a private

citizen, has no private right of action to assert a violation of the criminal

bank fraud statute, 18 U.S.C. § 1344.  *See Linda R.S. v. Richard D.*, 410

U.S. 614, 619, 93 S.Ct. 1146, 1149, 35 L.Ed.2d 536 (1973) ("[A] private

citizen lacks a judicially cognizable interest in the prosecution or

nonprosecution of another.").  Accordingly, Plaintiff fails to state a claim for

bank fraud against the Defendants.

### B.   *No Cause of Action Under Section 1983.*

Because the bank fraud statute provides for criminal, not civil,

penalties, Plaintiff's only possible avenue was to bring her constitutional

claims pursuant to 42 U.S.C. § 1983. *See e.g., O'Berry v. State Attorneys

Office*, 241 F. App'x 654, 657-58 (11th Cir. 2007) (per curiam) (magistrate

judge properly construed claims brought pursuant to criminal statutes as

Section 1983 claims); *see also Connell v. Regions Bank*, Case No. 5:07-cv-

77-MCR-EMT, 2007 WL 1877677, at *2 (N.D. Fla. Jun. 27, 2007) (plaintiff

could not bring civil action for violations of federal criminal statutes

governing bank fraud, misapplication of bank funds, and false entries in

bank records), report and recommendation adopted by 2007 WL 2214860

(N.D. Fla. Aug. 1, 2007).

Yet, as previously pointed out by this Court, TD Bank and its branch manager are private actors.  Consequently, they cannot be sued under Section 1983, except under very limited circumstances which are not present here. [2]  *See* ECF No. 4 at 4. Therefore, Plaintiff's Section 1983 claims fail as a matter of law.

### C.    *This Court Lacks Subject-Matter Jurisdiction over Plaintiff's Claims.*

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted).

In federal court, subject-matter jurisdiction can be found under either federal-question jurisdiction, 28 U.S.C. § 1331, or diversity jurisdiction, 28

---

[2] To hold that private parties are state actors for purposes of liability under Section 1982, one of the following conditions must be met:  (1) the state coerced or at least significantly encouraged the action alleged to violate the Constitution (state coercion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the state (public function test); or (3) the state had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint test).  *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001).  Here, Plaintiff's allegations do not establish that her claims satisfy any of these tests.

U.S.C. § 1332. United States district courts have federal-question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[F]ederal-question jurisdiction may be based on a civil action alleging a violation of the Constitution or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute." *Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998) (citation omitted).

      1. <u>No Federal Question Jurisdiction</u>.

"A case 'arises under' federal law within the meaning of § 1331 . . .if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90, 126 S.Ct. 2121, 165 L.Ed.2d 72 (2013). Additionally, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813, 106 S.Ct. 3229, 92 L.Ed. 2d 650 (1986). The Supreme Court has "confined federal-question jurisdiction over state-law claims to those that really and substantially involve a dispute or controversy respecting the validity,

construction or effect of federal law." *Grable & Sons Metal Prods.*, *Inc. v. Darue Eng.'g & Mfg.*, 545 U.S. 308, 313, 125 S.Ct. 2362, 162 L.Ed.2d 257 (2005) (internal quotations and brackets omitted).

The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 391, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) (citation omitted).

Plaintiff's Amended Complaint does not establish either that federal law creates a cause of action or that her right to relief necessarily depends on resolution of a substantial question of federal law.  Moreover, Plaintiff's claims do not "really and substantially" involve a dispute over the validity, construction, or effect of federal law.  The mere citing of federal constitutional provisions in the complaint is not sufficient.  Accordingly, this Court lacks federal-question jurisdiction.

2.  No Diversity Jurisdiction.

Federal courts have subject-matter jurisdiction over civil actions in which: (1) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs"; and (2) the action is between "citizens of different States." 28 U.S.C. § 1332(a)(1). Congress extends the benefits

7

and safeguard of federal courts to "provide a separate forum for out-of-state citizens against the prejudices of local courts and local juries." S.REP. NO. 1830, at 3 (1958), *reprinted in* 1958 U.S.C.C.A.N. 3099, 3101–02. Diversity jurisdiction is determined at the time the complaint is filed. *See Smith v. Sperling*, 354 U.S. 91, 93 n.1, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957) ("[J]urisdiction, once attached, is not impaired by a party's later change of domicile."). To meet the jurisdictional requirements of § 1332(a), the citizenship of each plaintiff must be different from that of each defendant. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978).

Here, Plaintiff seeks to avoid this jurisdictional requirement by amending her complaint to allege damages in excess of $100,000, ECF No. 6 at 9, notwithstanding her allegations that only $20,000 is in dispute. *See Id*. Even assuming that Plaintiff's naked allegation that her damages are in excess of $100,000 the Court nonetheless still does not have diversity jurisdiction because the parties are not completely diverse. The amended complaint reflects that Plaintiff and Defendant TD branch manager are both domiciled in Gainesville, Florida and, therefore, presumably citizens of Florida for diversity purposes. ECF No. 6 at 2.

In *Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946), the Supreme Court ruled that a claim alleged to arise under federal law should not be dismissed for lack of subject matter jurisdiction if "the right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another." *Id.* 327 U.S. at 685.  Thus, "a federal court may dismiss a federal question claim for lack of subject matter jurisdiction only if: (1) the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction; or (2) such a claim is wholly insubstantial and frivolous." *Blue Cross & Blue Shield of Alabama v. Sanders,* 138 F.3d 1347, 1352 (11th Cir.1998) (quoting *Bell,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939).  Under the latter *Bell* exception, subject matter jurisdiction is lacking only "if the claim 'has no plausible foundation, or if the court concludes that a prior Supreme Court decision clearly forecloses the claim.'" *Barnett v. Bailey,* 956 F.2d 1036, 1041 (11th Cir. 1992) (quoting *Olivares v. Martin,* 555 F.2d 1192, 1195 (5th Cir.1977)); *see also McGinnis v. Ingram Equipment Co., Inc.,* 918 F.2d 1491, 1494 (11th Cir.1990) (en banc) ("The test of federal jurisdiction is not whether the cause of action is one on which the claimant can recover. Rather the test is whether 'the

9

cause of action alleged is so patently without merit as to justify ... the court's dismissal for want of jurisdiction.'") (quoting *Dime Coal Co. v. Combs,* 796 F.2d 394, 396 (11th Cir.1986) (other citations omitted).

The burden is on the party asserting jurisdiction to allege facts showing that jurisdiction exists. *See Thomson v. Gaskill,* 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed. 951 (1942). Indeed, Rule 8(a)(1) of the Federal Rules of Civil Procedure provides that a pleading must contain a short, plain statement of the grounds upon which the court's jurisdiction depends. Fed. R. Civ. P. 8(a)(1).

In this case the Court concludes that Plaintiff's naked references to constitutional violations alleged in her Amended Complaint are immaterial to her claims against the Defendants and are not sufficient to establish that this court has subject matter jurisdiction over Plaintiff's claims. Plaintiff may have potential claims against these defendants that she may pursue in state court but not in this court.

## III. CONCLUSION

Because Plaintiff has failed to state a basis for federal jurisdiction, this action should be dismissed. Allowing Plaintiff another opportunity to amend would be futile as she cannot assert a federal claim against Defendants for the conduct complained-of.

Accordingly, it is respectfully **RECOMMENDED** that the court should

**DISMISS** the case **without prejudice.**

**IN CHAMBERS** this 22nd day of November 2021.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.